IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2005 AUG 24 P 12: 31

| | |
|---|---|
| OAKLEY, INC., | Case No.: 3:05-cv-801-J-21MCR |
| Plaintiffs, | Magistrate Judge: |
| vs. | Complaint seeking Permanent Injunction, Damages, Attorney's Fees and Costs |
| RAINBOW FOOD STORES OF JACKSONVILLE, INC. d/b/a RAINBOW FOOD MART d/b/a RAINBOW 3 FOOD STORE, and SYLVIA MACKOUL | |
| Defendants. | |

_____/

## COMPLAINT

Plaintiff, OAKLEY, INC., by and through their undersigned attorneys, alleges for its Complaint as follows:

## INTRODUCTION

1. This action has been filed by OAKLEY, INC. to combat the willful sale of unlicensed and counterfeit sunglasses bearing OAKLEY, INC.'s exclusive trademarks. The Defendants in this action are the owners, operators and managers of retail convenience stores and gas stations which are actively selling, offering for sale, distributing, and manufacturing such unlicensed and counterfeit sunglasses.

2. Plaintiff seeks a Permanent Injunction, damages, costs and attorneys' fees as authorized by the Lanham Act and Florida Common Law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiff's cause of action arises under The Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et. seq. Further, this Court has jurisdiction over the Plaintiff's Florida common law claims.

4. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES
### Plaintiff

5. Plaintiff, OAKLEY, INC. (hereinafter "OAKLEY, INC." or "Plaintiff") is a corporation duly organized and existing under the laws of the State of Washington having its principal place of business in Foothill Ranch, California.

### Defendants

6. Defendant, RAINBOW FOOD STORES OF JACKSONVILLE, INC. d/b/a RAINBOW 3 FOOD STORE d/b/a RAINBOW FOOD MART ("Rainbow" or "Defendant"), is a Florida corporation who is doing business at 9321 Cypress Shores Lane, Jacksonville, FL 32257 and at 12615 N. Main St., Jacksonville, FL 32218.

7. Defendant, SYLVIA MACKOUL ("Mackoul" or "Defendant") is an individual residing in Florida and this District, and who upon information and belief is a manager and controlling force for the businesses known as Rainbow. (Rainbow and Mackoul are hereinafter collectively referred to as "Defendants").

## FACTUAL BACKGROUND

8. OAKLEY, INC. is an innovation driven designer, manufacturer and distributor of eyewear, apparel, footwear and watches. As a result of its focus on innovations for sports applications, OAKLEY, INC. believes it has become the leader in sports application eyewear. In addition, OAKLEY, INC.'s products have become increasingly popular with fashion-oriented consumers in the larger non-sports market. OAKLEY, INC. currently manufactures over ten (10) lines of sunglasses. As a result of innovated designs and high quality standards, OAKLEY, INC.'s sunglasses have become immensely popular. In 2003, OAKLEY, INC. earned $560,592,000 in gross sales.

9. OAKLEY, INC. commenced operations in 1975. To promote consumer awareness of its technological and design innovation, OAKLEY, INC. has developed an effective marketing approach that features influential athletes and eclectic informative advertising, which combine to enhance the OAKLEY, INC. image of high-performance, technologically advanced eyewear. OAKLEY,

INC. maintains the highest quality and standards for its products, identified by the Oakley trademark.

10. OAKLEY, INC. distributes its products throughout the United States in approximately 13,500 carefully selected accounts consisting primarily of optical stores, sunglasses retailers and specialty sports stores.

11. All sunglasses and eyewear sold by OAKLEY, INC. are sold bearing the "Oakley" or stylized "O" trademark. The "Oakley" mark was first adopted and used in interstate commerce in March of 1984. The "Oakley" mark in block letters was registered in block letters on January 24, 1989, in class 9 for sunglasses and accessories to sunglasses, namely, replacement lenses, ear stems and nose pieces, Registration No. 1,521,599. The stylized "Oakley" mark was also first adopted and used in interstate commerce in March of 1984. The stylized "Oakley" mark was registered on January 10, 1989, in class 9 for sunglasses, Registration No. 1,519,596. OAKLEY, INC. also utilizes an ellipse mark, or ("O"), in conjunction with the foregoing marks to identify its products. The elliptical "O" is covered by the following Federal Trademark Registrations, Registration No. 1,984,501, issued on July 2, 1996, covering eyewear in Class 9 and apparel in Class 25, as well as, the elliptical "O" and the stylized "Oakley" mark, in Classes 9 and 25, Registration No. 1,990,262, issued on July 30, 1996, and a stylized elliptical "O", in Classes 9 and 25, Registration No. 2,209,416, issued December 8, 1998, and elliptical "O" in Class 18, covering luggage, bags, totes

and related merchandise, Registration No. 2,207,455, issued on December 1, 1998. Copies of these registrations are indexed on Exhibit "1"

12.  Each of OAKLEY, INC.'s trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051), as shown more clearly on Exhibit "1." All trademarks are current and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. Additionally, all of the trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125.

13.  OAKLEY, INC.'s distinctive trademarks when applied to the high quality sunglasses, sunglass accessories, apparel, watches and related merchandise, noted more fully above, signifies to the purchaser that the product comes from OAKLEY, INC. and is manufactured to the highest quality. Whether OAKLEY, INC. manufactures the product itself, or under its supervision, OAKLEY, INC. has insured that products bearing its trademarks are manufactured to the highest standard. OAKLEY, INC.'s high quality products have been widely accepted by the public and are enormously popular as shown by hundreds of thousands of dollars in sales each year.

14.  The Defendants have been selling, offering for sale, and distributing unauthorized and counterfeit sunglasses bearing OAKLEY, INC.'s Trademarks (hereinafter "Counterfeit Sunglasses'). Photographs of the Counterfeit Sunglasses sold by the Defendants are attached as Exhibit "2."

15. Prior to filing suit, OAKLEY, INC. wrote to Defendants numerous times concerning their offer for sale, distribution and manufacture of such Counterfeit Sunglasses. Defendants have ignored all of OAKLEY, INC.'s lawful demands and efforts to resolve this matter short of litigation.

### COUNT I - TRADEMARK INFRINGEMENT

16. OAKLEY, INC. incorporates by reference paragraphs 1 through 15, and brings the following claim for trademark infringement, pursuant to 15 U.S.C. § 1114, against the Defendants.

17. OAKLEY, INC. owns the exclusive trademark rights to those trademarks listed on Exhibit "1." All of the trademark registrations are in full force and effect and are owned by the Plaintiff. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

18. All advertising and products, sunglasses, sunglass accessories, apparel, watches, and related merchandise, which have been sold by OAKLEY, INC., or under their authority, have been manufactured and distributed in conformity with the provisions of the United States Trademark Law.

19. Notwithstanding OAKLEY, INC.'s well known and prior common law and statutory rights in the trademarks listed on Exhibit "1," the Defendants have, with actual and constructive notice of the Plaintiff's federal registration rights, and long after the Plaintiff established its rights in the trademarks listed

on Exhibit "1," adopted and used the trademarks in conjunction with the sale of Counterfeit Sunglasses in the State of Florida and interstate commerce.

20. Defendants have distributed, sold and offered for sale Counterfeit Sunglasses bearing OAKLEY, INC.'s trademarks noted on Exhibit "1" without the authorization OAKLEY, INC. Defendants' distribution, sale and offer for sale of Counterfeit Sunglasses bearing OAKLEY, INC.'s trademarks, in Florida, and interstate commerce, has and will cause the likelihood of confusion, deception and mistake, in that the buying public will conclude that the Counterfeit Sunglasses sold by the Defendants are authorized, sponsored, approved or associated with OAKLEY, INC.

21. Said acts of infringement will cause irreparable injury to OAKLEY, INC. if the Defendants are not restrained by the Court from further violation of OAKLEY, INC.'s rights, as OAKLEY, INC. has no adequate remedy at law.

22. OAKLEY, INC. has suffered damages as a result of the aforesaid acts.

23. Defendants' use in commerce of OAKLEY, INC.'s trademarks in the sale of Counterfeit Sunglasses is an infringement of OAKLEY, INC.'s registered trademarks in violation of 15 U.S.C. § 1114(1).

24. The Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure OAKLEY, INC. and its business.

25. The Counterfeit Sunglasses bearing OAKLEY, INC.'s trademarks, which were sold, distributed and offered for sale by the Defendants constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d).

## COUNT II - LANHAM ACT - UNFAIR COMPETITION

26. OAKLEY, INC. hereby incorporates by reference the allegations set forth in paragraphs 1 through 15 and 17 through 21 above.

27. As a direct result of OAKLEY, INC.'s longstanding use, sales, advertising and marketing, OAKLEY, INC.'s trademarks have acquired a secondary and distinctive meaning among the public who have come to identify OAKLEY, INC.'s trademarks, listed on Exhibit "1," with OAKLEY, INC. and its products.

28. The Counterfeit Sunglasses, which have been distributed and sold by the Defendants, exactly duplicates and appropriates OAKLEY, INC.'s trademarks in order to delude and confuse the public into believing that the Counterfeit Sunglasses sold, offered for sale or distributed by the Defendants were approved by, or had been authorized and/or sponsored by OAKLEY, INC.

29. The sale of such Counterfeit Sunglasses bearing OAKLEY, INC.'s trademarks will damage the good will and reputation of OAKLEY, INC.

30. The sale of Counterfeit Sunglasses bearing OAKLEY, INC.'s trademarks, which are of an inferior quality to the authorized and authentic product, will further damage the good will and reputation of OAKLEY, INC.

31. The Defendants, by misappropriating and using the likenesses of the Plaintiff's trademarks in connection with the sale of such Counterfeit Sunglasses, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. The Defendants have caused such Counterfeit Sunglasses to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from the Plaintiff.

32. These acts constitute a violation of Section 43 of The Lanham Act, 15 U.S.C. § 1125.

33. The Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

34. OAKLEY, INC. has suffered monetary damages as a result of the Defendants' acts.

### COUNT III-UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

35. OAKLEY, INC. repeats and realleges paragraphs 1 through 15, 17 through 21, and 27 through 31 of this Complaint.

36. OAKLEY, INC. has expended significant sums of money in advertising and marketing products featuring its trademarks, and in creating a

consumer demand for such products in Florida and elsewhere in the United States. Consequently, these products have become widely known and accepted.

37.     The Defendants have distributed and sold Counterfeit Sunglasses bearing exact copies of OAKLEY, INC.'s trademarks in Florida, thereby passing them off as products authorized or distributed by OAKLEY, INC.

38.     The Defendants have knowingly and willfully appropriated OAKLEY, INC.'s trademarks in an effort to create the impression that the Defendants' Counterfeit Sunglasses are sanctioned by OAKLEY, INC., in order to misappropriate all of the goodwill associated with OAKLEY, INC.'s trademarks.

39.     The Defendants' acts, as described above, constitute unfair competition and will, unless enjoined by this Court, result in the destruction and/or dilution of the goodwill of OAKLEY, INC.'s trademarks and of OAKLEY, INC.'s valuable property rights to the unjust enrichment of the Defendants.

40.     The Counterfeit Sunglasses, which are sold by the Defendants, are calculated and likely to deceive and mislead the purchasers who buy them in the belief that they originate with or are authorized by OAKLEY, INC.

41.     The continued passing off by the Defendants of such Counterfeit Sunglasses as if such products originated with or were authorized by OAKLEY, INC., has caused and, unless restrained, will continue to cause serious and irreparable injury to OAKLEY, INC.

42. OAKLEY, INC. has no adequate remedy at law and is suffering irreparable harm as a result of the aforesaid actions by the Defendants.

43. OAKLEY, INC. has suffered damage as a result of the aforesaid acts.

44. Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure OAKLEY, INC. and its businesses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands entry of a judgment against each and every Defendant as follows:

1. Permanent injunctive relief restraining each Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

   (a) further infringing OAKLEY, INC.'s trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by the Plaintiff, including, but not limited to sunglasses and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of OAKLEY, INC.'s trademarks ("Unauthorized Products");

(b) using any simulation, reproduction, counterfeit, copy or colorable imitation of any of OAKLEY, INC.'s trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to OAKLEY, INC., or to any goods sold, manufactured, sponsored or approved by, or connected with OAKLEY, INC.;

(c) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by the Defendants are in any manner associated or connected with OAKLEY, INC., or are sold, manufactured, licensed, sponsored, approved or authorized by OAKLEY, INC.;

(d) engaging in any other activity constituting unfair competition with OAKLEY, INC., or constituting an infringement of any of OAKLEY, INC.'s trademarks or of OAKLEY, INC.'s rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of OAKLEY, INC.'s names, reputations, or good will;

(e) effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

(f) secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of OAKLEY, INC.'s trademarks; and

(g) from aiding, abetting, contributing to or otherwise assisting anyone from infringing upon OAKLEY, INC.'s trademarks.

2. Directing that Defendants deliver for destruction all Unauthorized Products, including sunglasses, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of OAKLEY, INC.'s trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3. Directing that each Defendant report to this Court within thirty (30) days after a Permanent Injunction is entered to show their compliance with paragraphs 1 and 2 above.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by OAKLEY, INC., or related in any way to OAKLEY, INC.'s products.

5. That OAKLEY, INC. be awarded from each Defendant, as a result of each Defendant's sale of Unauthorized Products bearing OAKLEY, INC.'s trademarks, three times each Defendant's profits therefrom, after an accounting, or, in the alternative statutory damages, should OAKLEY, INC. opt for such relief, as provided by § 1117(c), of between Five Hundred Dollars ($500) and One Hundred Thousand Dollars ($100,000), per trademark per type of goods sold, which is counterfeited by each Defendant, at the Court's discretion, or should this Court find that the Defendant's use of the counterfeit mark was willful, and in the Court's discretion, not more than One Million Dollars ($1,000,000) per counterfeit mark.

6. That OAKLEY, INC. be awarded from each Defendant selling Unauthorized Products three times such Defendant's profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7. That OAKLEY, INC. be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

8. That OAKLEY, INC. be awarded its costs in bringing this action.

9. That the Plaintiff have such other and further relief that this Court deems just.

Dated this 23rd day of August, 2005.

Michael W.O. Holihan
Florida Bar No: 782165
**Holihan Law**
1101 North Lake Destiny Road
Suite 350
Maitland FL 32751
Phone: (407) 660-8575
Fax:    (407) 660-0510
Email:michael.holihan@holihanlaw.com
Attorneys and Trial Counsel
for OAKLEY, INC.