IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OAKLEY, INC.,

        Plaintiff,

CASE NO: 3:05-CV-801-J20-MCR

vs.

RAINBOW FOOD STORES OF
JACKSONVILLE, INC. D/B/A RAINBOW
FOOD MART D/B/A RAINBOW 3 FOOD
STORE., AND SYLVIA MACKOUL

        Defendants.
_____/

SETTLEMENT AGREEMENT AND CONSENT TO PERMANENT
INJUNCTION AGAINST DEFENDANTS RAINBOW FOOD STORES OF
JACKSONVILLE, INC. D/B/A RAINBOW FOOD MART D/B/A RAINBOW 3
FOOD STORE, AND SYLVIA MACKOUL

Plaintiff Oakley, Inc. (Oakley), by and through its undersigned attorneys, and Defendants Rainbow Food Stores of Jacksonville, Inc. d/b/a Rainbow Food Mart d/b/a Rainbow 3 Food Store, and Sylvia Mackoul (Rainbow Food), hereby enter into the following Settlement Agreement and Consent to Permanent Injunction (hereinafter "Agreement"):

    1.    Rainbow Food agrees and stipulates to the following facts and findings:

    A.    This Court has jurisdiction over the Plaintiff and the Defendants and the Subject Matter of this action.

[Handwritten annotation:] Rainbow Food Stores of Jacksonville, INC. includes three locations

Rainbow Food Store #1
12615 N. Main St.
Jacksonville, FL 32218

Rainbow Food Store #2
7144 Wheat Rd,
Jacksonville, FL 32244

Rainbow Food Store #3
7144 Wheat Rd.
Jacksonville, FL 32244

B. Oakley is the owner of all trademarks including the "Oakley" or "O" stylized trademark and the elliptical "O" mark, identified in the Complaint, and as shown by the registrations indexed on Exhibit "A" to the Permanent Injunction, attached to this Agreement as Exhibit "1," and hereinafter referred to as "the Trademarked Properties." The registrations are valid and subsisting and are conclusive proof of the Plaintiff's rights to the marks and properties noted.

C. Rainbow Food has never been authorized by Oakley to manufacture, sell, offer for sale, advertise, promote, market, display and/or distribute merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarked Properties, or bearing any counterfeit design or image which is of a substantially similar appearance to the Trademarked properties.

D. Oakley is suffering and has suffered irreparable injury as a result of Rainbow Food' alleged distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarked Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarked Properties. Oakley will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

2. Rainbow Food shall immediately cease in the sale, offering for sale, advertising, promotion, marketing and distribution of any merchandise in conjunction with any unauthorized simulation, reproduction, counterfeit, copy or colorable imitation of the Trademarked Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarked Properties.

3. Rainbow Food, its officers, directors, agents, employees, affiliates, divisions and subsidiaries agree that, in the future, they shall not sell, offer for sale, advertise, promote, market or distribute any unauthorized merchandise bearing the Trademarked Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarked Properties.

4. Rainbow Food stipulates and agrees to entry of a Permanent Injunction against it in the form attached hereto as Exhibit "1" forever enjoining it from manufacturing, selling, offering for sale, advertising, promoting, marketing and distributing any merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarked Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarked Properties.

5. Rainbow Food agrees and stipulates that it, or its counsel, will turn over to Plaintiff's counsel any and all infringing or counterfeit merchandise in it possession or control which infringes upon the Trademarked Properties

(hereinafter referred to as the "Infringing Merchandise"). Concurrently with this Rainbow Food will provide a sworn declaration that they have turned over all Infringing Merchandise in their possession. As part of this declaration, Rainbow Food will fully identify its source(s) of the Infringing Merchandise, including attaching to said declaration any and all documentation in its possession or control, which evidences Rainbow Foods' purchase or receipt of the Infringing Merchandise. Such documentation shall include the names, addresses phone numbers and any correspondence with the suppliers of the Infringing Merchandise and such other documentation as is reasonably necessary to identify the purveyors of the Infringing Merchandise. To the extent Rainbow Food does not possess any written documentation concerning its source of the Infringing Merchandise, it shall state so in the declaration, and moreover, affirm that it is providing its best information concerning its source(s) of the Infringing Merchandise. In turning over the Infringing Merchandise to Oakley, Rainbow Food stipulates and agrees that it gives up all rights and title to the Infringing Merchandise and that Oakley may dispose the merchandise as it sees fit.

7. Rainbow Food shall pay damages to the Plaintiff of Six Thousand Dollars ($6,000.00). Payment is to be made as follows: On or before October 14, 2005, Rainbow Food shall pay to Oakley certified funds in the amount of $3,000.00 in partial settlement. In addition to the payment referenced above, three additional payments of $1,000.00 will be made on or before the 14th of each

month hereafter beginning on November 14, 2005 and concluding on January 14, 2005, or until the balance is paid in full. All settlement funds shall be made payable to **Holihan Law Trust Account** via cashiers or certified check and delivered to the following address:

Holihan Law
1101 North Lake Destiny Drive
Suite 350
Maitland FL 32751

8. Oakley, for itself and any one claiming rights derived from it (hereinafter referred to as the "Oakley Releasing Party"), does hereby remise, release and forever discharge Rainbow Food Stores of Jacksonville, Inc. d/b/a Rainbow Food Mart d/b/a Rainbow 3 Food Store, and Sylvia Mackoul, and its respective present and former parent companies, subsidiaries, predecessors, affiliates, partners, shareholders, divisions, officers, directors, employees, assigns, agents, attorneys and servants (hereinafter referred to as the "Released Rainbow Food Parties"), and each of them, and their respective successors, assigns, heirs and personal representatives, of and from any and all manner of actions, causes of actions, suits, debts, judgments, rights, demands and claims whatsoever in law or equity (whether or not heretofore known, suspected, foreseen or asserted) that any or all of the Oakley Releasing Party ever had, now have or which any or all of the Oakley Releasing Party or its successors, assigns, heirs and personal representatives hereinafter can, shall or may have, upon or by reason of any matter, cause or thing arising out of, relating to, resulting from or

in any way connected with (a) the claims made or which could have been made the subject of this Lawsuit, including, without limitation any claims referring or relating to the Trademarked properties; or (b) the damages, fees, attorneys' fees, expenses and all other losses of any kind whatsoever arising from or in any way relating thereto.

9. Rainbow Food Stores of Jacksonville, Inc. d/b/a Rainbow Food Mart d/b/a Rainbow 3 Food Store, and Sylvia Mackoul, on behalf of itself, its partners, representatives, agents, attorneys, employees, successors, affiliates, employers, heirs, and assigns, and each of them, hereby releases and forever discharges Oakley and its past, present, and future officers, directors, franchisees, employees, employers, attorneys, partners, agents, heirs, beneficiaries, subsidiary, successor or predecessor corporations or partnerships, its affiliates, its assigns, and each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees, or causes of action of any nature whatsoever, arising out of their personal or business relations to date, including but not limited to any claims relating to Rainbow Food Stores of Jacksonville, Inc. d/b/a Rainbow Food Mart d/b/a Rainbow 3 Food Store, and Sylvia Mackoul's alleged sale, offer for sale and distribution of the Infringing Merchandise.

10. In reliance upon the above, Oakley and Rainbow Food jointly move that this Court enter a Permanent Injunction and Final Order in this matter with

respect to Rainbow Food, as provided for in the proposed Permanent Injunction and Final Order attached hereto as Exhibit "1." Rainbow Food and Plaintiff stipulate and move that the Permanent Injunction shall remain in full force and effect after the Court enters the Final Order or Judgment, and further that this Court retain jurisdiction over this matter to enforce the terms of this Agreement and the Permanent Injunction.

Date: 11/30/05                                    Date: 9/28/05

_____                 _____
Michael W. O. Holihan, Esq.                     Sylvia Mackoul
Florida Bar No.: 782165                         d/b/a Rainbow Food Stores of
Holihan Law                                     Jacksonville, Inc.
1101 North Lake Destiny Road                    9321 Cypress Shores Lane
Suite 350                                       Jacksonville, FL 32257
Maitland, Florida 32751                         Telephone: (904) 777-1215
Telephone: (407) 660-8575
Fax: (407) 660-0510
Attorneys for Plaintiff